# Williams v. Cambria & Indiana Railroad Company, Appellant.

*Practice, C. P.—Jurors—Alleged disqualification—Continuance —Proper refusal.*

A juror is not disqualified to serve in condemnation proceedings by reason of the fact that his grandfather has brought an action against another railroad company for loss resulting from the condemnation of land in another section of the county, and the refusal of a continuance applied for because of the alleged disqualification of such juror is a proper exercise of judicial discretion, particularly where the application is not made until after the jury has viewed the premises, and the balance of the panel has been discharged.

Argued Oct. 5, 1914. Appeal, No. 189, Oct. T., 1914, by defendant, from judgment of C. P. Indiana Co.,

March T., 1910, No. 294, on verdict for plaintiff in case of Hugh E. Williams and Edward H. Williams v. Cambria & Indiana Railroad Company.  Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.  Affirmed.

Appeal from award of viewers in condemnation proceedings.  Before TELFORD, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,810.40 and judgment thereon.  Defendant appealed.

*Error assigned,* among others, was in refusing a continuance.

*D. B. Taylor,* for appellant.

*S. M. Jack,* with him *J. M. Banks,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, January 2, 1915:

The main question raised by this appeal and the only one not considered in the appeal of Parry v. Cambria & Indiana Railway Company, in which the opinion of this court, affirming the judgment has been filed, is whether the trial judge erred in not withdrawing a juror and continuing the case on the application of the defendant. The action was to recover for the appropriation of a part of the plaintiff's farm and the application for continuance was made after the jury had been sworn and had viewed the premises in question and the balance of the panel had been discharged.  The ground of the application was that one of the jurors was a grandson of a plaintiff in an action brought to recover for loss caused by the condemnation of a right of way in another section of the county and by another railroad company.  It appeared from the examination of the juror that he had no knowledge of the parties to the action in which he had been impaneled and had no knowledge of the case.  The measure of damages in each case would depend upon its

peculiar facts and the only similarity between them was that in each the claim was for damages for condemnation of land taken or injured under the right of eminent domain. There was no ground for a principal challenge or for a challenge to the favor and the discretion of the court was wisely exercised in refusing the application.

The judgment is affirmed.